952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold A. NICHOLS, Defendant-Appellant.
 No. 90-2574.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1991.[1]
Decided Jan. 13, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 The United States filed a complaint against Harold Nichols, his wife Evelyn, their son Glenn, and the First Federal Savings Bank of Wisconsin (Bank). The government sought to collect federal income tax and the related penalties which Harold had failed to pay for the years 1983 and 1984. The government sought relief that would set aside an allegedly fraudulent transfer of Harold's property to Evelyn, and Evelyn's subsequent contracted transfer of the property to Glenn (such transfer occurring upon Evelyn's demise). After the court set aside the transfer, the government asked that Harold's tax liens be foreclosed against the property.
 
 
 2
 Defendants filed a challenge to the district court's jurisdiction based on two meritless reasons. The court denied the defendant's motions. Subsequently, a status conference was called. The court informed the defendants that if they did not appear, he would enter a default judgment against all the defendants. Despite the warning, the defendants failed to appear at the conference. The judge entered a default order against all of the parties. The government attorney drafted the proposed order, which was adopted by the district court and entered as a default judgment. There was one hitch, however. When the government drafted the order, it was fashioned as a default judgment only against Harold, and not the other parties. Upon realizing the omission, the government moved to correct the judgment. The court denied the motion. Therefore, the judgment remained, stating that Harold owed the past due taxes and penalties, and ordering that the tax liens were to incumber the property--the property in which Harold no longer had interest. Thus, the court-ordered foreclosure and sale of the property to satisfy Harold's liens was impossible without setting aside the prior transfer to Evelyn which would negate the contract for later transfer to Glenn. The government submits we lack jurisdiction because the judgment is not final. 28 U.S.C. § 1291.
 
 
 3
 Generally, an order will be a final decision if it ends the litigation and leaves nothing to be decided in the district court. United States v. Ettrick Wood Products, Inc., 916 F.2d 1211, 1216 (7th Cir.1990). If an order does not resolve claims between parties other than those named in the order, it is not final and appealable. Id. A court's intention that the order be final and appealable will not nullify this rule. Horn v. Transcon Lines, Inc., 898 F.2d 589, 591 (7th Cir.1990); Principal Mutual Life Ins. Co. v. Cincinnati TV 64 Ltd. Part., 845 F.2d 674, 676 (7th Cir.1988).
 
 
 4
 Harold Nichols is one of several parties to the instant lawsuit. Judgment was entered against him, but that judgment did not resolve the rights and liabilities of Evelyn, Glenn, and the Bank as related to their interest in the property at issue. For these reasons, we do not have jurisdiction over the case.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.R. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs